IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-126-1H
5:07-CV-177-H

PHILLIP GERMAINE BOICE,  )
      )
    Petitioner,      )
      )
      )
      )
      )
    v.      )    **ORDER**
      )
      )
      )
      )
UNITED STATES OF AMERICA,      )
      )
    Respondent.      )

This matter is before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 filed May 14, 2007. The government responded by filing a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. Petitioner has responded, and this matter is ripe for adjudication.

### **STATEMENT OF THE CASE**

On July 7, 2005, petitioner pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On November 9, 2005, the court sentenced petitioner to a 188-month term of imprisonment as an Armed Career Criminal. Petitioner appealed to the Fourth

Circuit Court of Appeals. The Fourth Circuit dismissed petitioner's appeal, and the Supreme Court denied certiorari on November 8, 2006. On May 14, 2007, petitioner filed a timely motion to vacate pursuant to 28 U.S.C. § 2255. This court previously conducted a preliminary examination of petitioner's § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases and, on July 9, 2007, dismissed Claims I, III and IV of petitioner's motion.

## COURT'S DISCUSSION

### I. Petitioner's Allegations

The sole claim remaining before the court is Claim II of petitioner's motion - that petitioner was deprived of his Sixth Amendment right to effective assistance of counsel. Specifically, petitioner alleges that counsel: (1) failed to negotiate a reasonable plea agreement; (2) failed to object to the court's "blanket plea hearing"; (3) failed to familiarize himself with the presentence investigation report; (4) failed to properly investigate and challenge petitioner's prior criminal record; (5) failed to recognize that petitioner could not be charged with violating 18 U.S.C. § 922(g)(1); and (6) failed to inform petitioner that his prior criminal convictions would be used to "severely lengthen" his sentence.

### II. Standard of Review

To prove ineffective assistance of counsel, petitioner must

satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III. Analysis

The court has carefully reviewed petitioner's § 2255 motion and the record in this matter and finds that petitioner has failed to demonstrate either that counsel's performance was inadequate or that petitioner was prejudiced as a result of counsel's performance. In response to petitioner's motion, the government has submitted an affidavit from petitioner's attorney, James A. Martin, in which counsel states that he actively negotiated petitioner's plea agreement over a period of one and one-half months and that petitioner's decision to plead guilty was made after numerous discussions with petitioner and various members of petitioner's family. (Martin Aff. [DE #30-2] at 1.) He explains that he advised petitioner that he qualified for the Armed Career

3

Criminal sentencing enhancement and provided him with a sentence estimate setting forth the punishment he would be facing if he were found to be an Armed Career Criminal and the sentence he would be facing if "by some miracle" he was found not to be an Armed Career Criminal. (Martin Aff. at 8.) Mr. Martin states that petitioner "consistently told me that he wanted to cooperate because he knew, prior to signing the plea agreement and entering his plea, that he would qualify as an 'Armed Career Criminal' and he understood that the only way to reduce his sentence was via [a 5K reduction or Rule 35 motion based on] 'substantial assistance.'" (Martin Aff. at 2.)

The record also establishes that prior to accepting petitioner's plea, the court held a Rule 11 hearing at which petitioner was examined to ensure that he understood the charges against him and the punishment he faced.[1] The court further determined that a sound factual basis existed to support the

---

[1] Petitioner claims that he was not made aware that he may be subject to the Armed Career Criminal enhancement until after the presentence investigation. However, the record establishes otherwise. The indictment charging petitioner with the firearm offense put petitioner on notice that the government may seek an enhanced sentence based on petitioner's "three previous convictions . . . for serious drug offenses, as defined in Title 18, United States Code, Section 924(3)(2)(A)." (Indictment [DE #1].) Furthermore, the written plea agreement signed by petitioner expressly set forth the statutory penalties petitioner faced, including the fact that, if subjected to § 924(e)'s sentencing enhancement, petitioner would be facing a minimum term of imprisonment of 15 years and a maximum term of life imprisonment. (Mem. Plea Agt. [DE #14] at 6.)

4

Case 5:05-cr-00126-H   Document 38   Filed 06/18/08   Page 4 of 6

charges. Petitioner fails to indicate what "objections" he asserts counsel should have lodged at the Rule 11 hearing or how he was prejudiced as a result of counsel's failure to make such objections.

As to petitioner's assertions that his attorney failed to familiarize himself with the presentence investigation report and failed to properly challenge petitioner's prior record, Mr. Martin recalls that he was personally present when petitioner was interviewed by the probation officer and that upon receiving the presentence report, he met and reviewed with petitioner each paragraph of the report. (Martin Aff. at 5.) Based on notes which are detailed in Mr. Martin's affidavit, petitioner's attorney ultimately lodged nine objections to the presentence report, including several objections to petitioner's prior criminal history and objections to the prior convictions used to classify petitioner as an Armed Career Criminal.

Finally, petitioner's attorney states that petitioner was permanently disqualified from possessing any firearms or ammunition as a result of his 1998 state-court conviction for possession with intent to sell or deliver cocaine, a Class H felony punishable by more than one year in jail. Petitioner fails to demonstrate either that counsel was ineffective in counseling petitioner to plead guilty to the offense of felon in possession of a firearm or that petitioner was prejudiced as a result of counsel's advice.

5

## **CONCLUSION**

For the foregoing reasons, the government's motion for summary judgment [DE #29] is GRANTED and petitioner's 28 U.S.C. § 2255 motion [DE #25] is DENIED. The clerk is directed to close the case.

This 17th day of June 2008.

*/s/ Malcolm J. Howard*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
#31